IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| CLARENDON NATIONAL INSURANCE COMPANY, a New Jersey corporation, | ) ) ) | Civil No. 09-548-JO |
| Plaintiff, | ) ) | |
| v. | ) ) | OPINION AND ORDER |
| AMERICAN STATES INSURANCE COMPANY, an Indiana corporation; ET AL., | ) ) ) | |
| Defendants. | ) ) | |

David P. Rossmiller
Laura N. Althouse
DUNN CARNEY ALLEN HIGGINS & TONGUE, LLP
851 S.W. Sixth Avenue, Suite 1500
Portland, OR  97204-1357

  Attorneys for Plaintiff

Kimberly R. Griffith
Thomas M. Christ
COSGRAVE VERGEER KESTER, LLP
805 S.W. Broadway, 8th Floor
Portland, OR  97205

  Attorneys for Defendants

JONES, Judge:

This is an insurance coverage dispute. Plaintiff Clarendon National Insurance Company, the property and casualty insurer for a general contractor, Providence Builders, brings this action against American States Insurance Company, the property and casualty insurer for subcontractor and defendant Woodmaster Northwest, Inc., alleging claims for equitable contribution, declaratory judgment, and breach of contract.

This action is now before the court on the parties' cross-motions (## 21, 26) for summary judgment. The parties' motions are granted in part and denied in part as explained in this opinion.

## FACTUAL BACKGROUND

The parties agree on most of the material facts, as follows.

Providence builds houses and defendant Woodmaster frames them. In 2003, Providence contracted with Woodmaster to work on its projects. The contract was a form that Providence drafted for use by all of its subcontractors. The contract provided that Woodmaster would defend and indemnify Providence against any claim for injury arising from Woodmaster's own acts or omissions, including injury to its own employees, as follows:

> **Indemnity.** To the fullest extent permitted by law, subcontractor will defend, indemnify, and save **PROVIDENCE BUILDERS** * * * harmless from all liability, loss, damage, causes of action, claims, or judgments (including attorney's fees) because of injury or death to any person, including subcontractor's employees * * * to the extent resulting from the acts or omissions of subcontractors * * *.

Plaintiff's First Amended Complaint, Exh. A, p. 5. The contract also provided that before beginning work on any Providence project, Woodmaster would furnish a certificate of insurance

2 - OPINION AND ORDER

for Providence's approval naming Providence as an additional insured. Woodmaster did furnish a certificate of insurance, and added Providence as an "additional insured" on its American States policy.

In September 2005, Providence contracted to remodel a house, and assigned the framing job to Woodmaster. On November 11, 2005, a Woodmaster employee, Michael Stambaugh, fell from the second story of the house into an opening in the basement. Stambaugh tendered a worker's compensation claim to the State Accident Insurance Fund ("SAIF"), which SAIF accepted. In November 2007, the Stambaughs filed an action against Providence, alleging claims for violation of the Oregon Employer Liability Law, common-law negligence, and loss of consortium. In February 2009, the Stambaughs filed an amended complaint in which they alleged damages of $2.7 million.

Plaintiff Clarendon, Providence's insurer, provided a defense but also asked that American States acknowledge a duty to defend based on the additional insured endorsement in the American States policy. In 2008, American States denied tender of the defense.

The Stambaugh litigation settled for $1 million, plaintiff's policy limits and, according to plaintiff, far less than the likely recovery at trial. Plaintiff asked American States to contribute to the settlement, but American States refused. As part of the settlement, Providence assigned to plaintiff all claims against Woodmaster and American States, and this litigation followed.

STANDARDS

Summary judgment should be granted if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). If the moving party shows that there are no genuine issues of material fact, the non-moving party must go

3 - OPINION AND ORDER

beyond the pleadings and designate facts showing an issue for trial.  Celotex Corp. v. Catrett, 477

U.S. 317, 322-23 (1986).  A scintilla of evidence, or evidence that is merely colorable or not

significantly probative, does not present a genuine issue of material fact.  United Steelworkers of

America v. Phelps Dodge, 865 F.2d 1539, 1542 (9th Cir. 1989).

       The substantive law governing a claim determines whether a fact is material.  Anderson

v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also T.W. Elec. Service v. Pacific Elec.

Contractors, 809 F.2d 626, 630 (9th Cir. 1987).  Reasonable doubts as to the existence of a

material factual issue are resolved against the moving party.  T.W. Elec. Service, 809 F.2d at

631.  Inferences drawn from facts are viewed in the light most favorable to the non-moving party.

Id. at 630-31.

DISCUSSION

       Plaintiff alleges that under American States' policy and additional insured endorsement,

American States had a contractual duty to defend Providence and to indemnify Providence for

the negligence of Woodmaster.  Plaintiff further alleges that Woodmaster breached the contract

between it and Providence by failing to provide insurance in the amount of $1 million per

occurrence, either because Woodmaster procured only $500,000 in coverage or by failing to

procure any insurance to cover the injuries suffered by the Stambaughs.

       The parties raise three main issues with respect to coverage.  These are:  (1) whether

ORS 656.018(1)(a) (worker's compensation law) immunizes Woodmaster and, therefore, its

insurer, from any claim for contribution or indemnity; (2) whether ORS 30.140, which addresses

indemnification provisions in construction contracts, voids any agreement defendants may have

had to provide plaintiff with insurance coverage; and (3) whether language in the insurance

policy itself excludes coverage for plaintiff.

I.      Coverage Issues

        a.      Operation of ORS 656.018(1)

        Defendants contend that the exclusivity provision of the Oregon Worker's Compensation

Law, ORS 656.018, protects it from liability to Providence because Woodmaster was a

complying employer.  The immunity provided by that statute "specifically includ[es] claims for

contribution or indemnity asserted by third persons from whom damages are sought."  Id.

According to defendants, any agreement to the contrary entered into after 1977 is void and

unenforceable.  See ORS 656.018(1)(c):  "Except as provided in paragraph (b) of this subsection,

all agreements or warranties contrary to the provisions of paragraph (a) of this subsection entered

into after July 19, 1977, are void."[1]

        Although that statute appears to create a comprehensive and blanket prohibition on claims

for contribution or indemnity from complying employers, this view has been rejected by Oregon

appellate courts and several judges in this court.  The decisions distinguish between indemnity

agreements for employment-related injuries, which are considered direct indemnity agreements

and are prohibited, and agreements to procure insurance, which are considered indirect indemnity

agreements and are permitted.  In Montgomery Elevator Co. v. Tuality Community Hosp., Inc.,

101 Or. App. 299, 790 P.2d 1148 (1990), the court explained:

        [A] promise to obtain insurance is not the same as a promise to indemnify.  Under
        an indemnity agreement, the promisor agrees to assume all responsibility and

_____

        [1]      Paragraph (b) is inapplicable to this case.

5 - OPINION AND ORDER

liability for any injuries and damages.  Under an agreement to obtain insurance, the promisor merely agrees to procure the insurance and pay the premium on it.

101 Or. App. at 303; see also Continental Cas. Ins. Co. v. Zurich American Ins. Co., 2009 WL 231462 (D. Or. 2009)(King, J.), modified on other grounds 2009 WL 455285 (2009).

        Plaintiff asserts that the contract it seeks to enforce in this action is the insurance policy naming it an "additional insured," not the indemnity provision in the subcontract.  Under Montgomery, ORS 656.018(1) does not void defendant's agreement to purchase liability insurance, nor does it void the "additional insured" provisions.  See Tudor Insurance Company v. Howard S. Wright Construction Co., Civil No. 04-480-ST (Findings & Recommendation, Dec. 23, 2004)(Stewart, J.), adopted (Order dated Feb. 18, 2005)(Marsh, J.) (under ORS 656.018(1)(a), although a subcontractor-employer cannot be held liable to its employee or a third-party in an action for indemnity, the subcontractor-employer can be found to be at fault in a manner that triggers an "additional insured" endorsement); Continental Cas., 2009 WL 231462 at *5 ("[a]greements to purchase insurance are not barred by the worker's compensation bar and the employer is liable for damages resulting from a breach of contract").

        b.      Operation of ORS 30.140.

        Defendants next contend that pursuant to ORS 30.140(1), any requirement that Woodmaster procure insurance for Providence against Stambaughs' claims is void and unenforceable.  In relevant part, the statute provides:

> **Certain indemnification provisions in construction agreement void.**  (1) Except to the extent provided under subsection (2) of this section, any provision in a construction agreement that requires a person or that person's surety or insurer to indemnify another against liability for damages arising out of death or bodily injury to persons or damage to property caused in whole or in part by the negligence of the indemnitee is void.

6 - OPINION AND ORDER

ORS 30.140(1).  That provision bars contractors from indemnifying another's negligence.  Walsh Construction Co. v. Mutual of Enumclaw, 338 Or. 1, 104 P.3d 1146 (2005).  ORS 30.140 applies equally to contracts to procure insurance as well as indemnity agreements.  Continental Cas., 2009 WL 231462 at *8 (citing Walsh, 338 Or. at 9).  That, however, is not the issue in this case because plaintiff does not seek indemnity for its own negligence; rather, it seeks indemnity for alleged negligence of Woodmaster.

Consequently, relevant to this discussion is subsection (2) of ORS 30.140, which states:

(2)    This section does not affect any provision in a construction agreement that requires a person or that person's surety or insurer to indemnify another against liability for damage arising out of death or bodily injury to persons or damage to property to the extent that the death or bodily injury to persons or damage to property arises out of the fault of the indemnitor, or the fault of the indemnitor's agents, representatives, or subcontractors.

ORS 30.140(2)(emphasis added).

In other words, a subcontractor may agree to indemnify against its own negligence.  And that is precisely what the indemnity agreement and the "additional insured" language of the American States policy provide:  Woodmaster agreed to indemnify Providence against Woodmaster's own acts and omissions, and American States insured Providence against Woodmaster's own acts and omissions.  Consequently, under subsection 2 of ORS 30.140, the agreement to procure insurance is not void.  See Continental Cas., 2009 WL 231462 at *8; see also Tudor, F&R at 21; Richardson v. Howard S. Wright Construction, Civil No. 05-1419-ST (Opinion and Order May 18, 2007), at 10 ("ORS 30.140(2) permits an agreement requiring a subcontractor to obtain an "additional insured" endorsement indemnifying the general contractor

for the subcontractor's fault in causing injury to the subcontractor's employee (citing Tudor));

Hoffman Constr. Co. v. Travelers Indem. Ins. Co., CV 05-456-AA (Nov. 28, 2005), at 6.

      c.     The Insurance Policy Exclusions

      The American States policy added Providence through a "blanket" additional insured

endorsement, CG 8674, which automatically gave additional coverage for '[a]ny person or

organization . . . for whom you [Woodmaster] are required by written contract, agreement or

permit to provide insurance."  Declaration of Thomas Christ, Exh. C, p. 7.  The amount of the

insurance was $500,000 instead of the $1 million required by the subcontract, and the

endorsement was not the endorsement specified by the subcontract, but these two issues are not

important to the present dispute.

      The Exclusion section in CG 8674, specifically paragraph f, provides in full as follows:

> No coverage will be provided if, in the absence of this endorsement, no liability
> would be imposed by law on you.  Coverage shall be limited to the extent of your
> negligence or fault according to the applicable principles of comparative fault.

Declaration of Thomas Christ, Exh. C, p. 7.  Defendants assert that the proper interpretation of

paragraph f is that because Woodmaster is a complying employer under worker's compensation

law, no liability can be imposed on it by law for Mr. Stambaugh's injuries, thereby excluding

plaintiff's claim under the policy.

      Describing defendants' interpretation as "implausible" in light of the second full sentence,

plaintiff asserts that the proper interpretation of paragraph f is that it is a limitation of liability to

the comparative negligence or fault of the insured (Woodmaster) and has nothing to do with

worker's compensation, the effect of which is addressed elsewhere in the American States policy.

8 - OPINION AND ORDER

Case 3:09-cv-00548-JO    Document 40    Filed 02/22/10    Page 9 of 12


According to plaintiff, because plaintiff seeks coverage only "to the extent of [Woodmaster's] negligence or fault," plaintiff's claims are not excluded under paragraph f.

This is not the first time defendant American States has made an identical argument concerning the identical exclusion before judges of this court. In Richardson, supra, Judge Stewart considered both arguments, that the policy is void under ORS 30.140 and that the "additional insured" exclusion bars coverage, and rejected both arguments, stating that "adding the [contractor] as an 'additional insured' to the policy is not void under ORS 30.140 and the exclusion does not bar coverage for liability imposed on [the contractor] for [the subcontractor's] fault." Richardson, at 8. I, too, conclude that paragraph f does not bar coverage for liability imposed on Providence for Woodmaster's negligence, if any.[2]

    d.    Other Insurance Issues

    1.    Obligation to Provide Certificate of Insurance

Defendants raise an issue concerning whether the subcontract required Woodmaster to merely furnish to Providence a certificate of insurance, or to actually procure insurance on behalf of Providence. Defendants contend that the only requirement was to furnish the certificate - an empty gesture as plaintiff points out - and in any event, plaintiff disagrees with defendants' position with respect to this issue. Because Woodmaster did, in fact, obtain an "additional insured" endorsement for Providence, however, I decline to address this issue further.

---

    [2]    In any event, although I do not find the paragraph f to be ambiguous, if I had so found, I would have construed it against defendant American States, who drafted it. See Shadbolt v. Farmers Ins. Exch., 275 Or 407, 551 P.2d 478 (1976).

9 - OPINION AND ORDER

        2.      <u>The No Action Clause</u>

Finally, defendants argue that the American States' policy "no action" clause prohibits an

action against American States to recover the cost of a settlement to which American States did

not agree.  That portion of the policy provides:

    **3.**      **Legal Action Against Us**

                       \* \* \*

> A person or organization may sue us to recover on an agreed settlement or
> on a final judgment against an insured, but we will not be liable for
> damages that are not payable under the terms of this Coverage Part or that
> are in excess of the applicable limit of insurance.  An agreed settlement
> <u>means a settlement and release of liability signed by us, the insured and the</u>
> <u>claimant or the claimant's legal representative.</u>

Declaration of Thomas Christ, Exh. C, p. 5 (emphasis added).

Defendants acknowledge that an insurer cannot rely on the above clause if it has not

honored its own obligations under the policy, for example, if the insurer wrongfully refuses to

defend, leaving the insured to fend for itself.  Given that this litigation centers on the question of

whether American States honored its obligations under the policy, this argument does not help

defendants.

II.    <u>Duty to Defend/Duty to Indemnify</u>.

Having determined that Woodmaster's agreement to purchase insurance and the

"additional insured" provisions are valid and enforceable, I turn to the issues of defendants' duty

to defend and duty to indemnify.

a.    Duty to Defend

In Ledford v. Gutoski, 319 Or. 397, 399-400, 877 P.2d 80 (1994), the Oregon Supreme Court held that an insurer has a duty to defend if the claim stated in the complaint could, without amendment, impose liability for conduct covered by the policy.  See also Continental Cas., 2009 WL 231462 at *9.  Any ambiguity in the complaint with respect to whether the allegations could be covered by the policy must be resolved in favor of the insured.  Ledford, 319 Or. at 399-400.

The Stambaughs' Amended Complaint, Exhibit B to the Declaration of Thomas Christ, contains no express allegation that Woodmaster caused Mr. Stambaugh's injuries, which is not surprising as worker's compensation law precluded Mr. Stambaugh from suing his employer.

The more important question is whether the allegations raise by implication the possibility that Woodmaster was at fault in a way that triggers coverage under the additional insured endorsement.  None of the  allegations to which plaintiff points raises a reasonable implication that Woodmaster was somehow responsible for Mr. Stambaugh's injuries.  To the contrary, the Stambaughs' allegations expressly assign "sole" responsibility to Providence.  I find, therefore, that defendants had no duty to defend plaintiff in the Stambaugh litigation and grant defendants' motion to that extent.

b.    Duty to Indemnify

The "duty to indemnify is independent of the duty to defend," but even if there is no duty to defend, "based on the allegations in the initial complaint, the facts proved at trial on which liability is established may give rise to a duty to indemnify if the insured's conduct is covered." Ledford, 319 Or. at 403 (citing City of Burns v. Nw. Mut., 248 Or. 364, 368-69, 434 P.2d 465 (1967).  In other words, the duty to defend, which is a contractual duty, is different from the duty

to indemnify, and the breach of one duty "does not, in and of itself, establish the breach of the other." Northwest Pump & Equipment Co. v. America States Ins. Co., 144 Or. App. 222, 226-27, 925 P.2d 1241 (1996). Thus, although the duty to defend is triggered by the bare allegations of the complaint, the duty to indemnify "is established by proof of actual facts demonstrating a right to recover." Id., at 227.

Plaintiff has submitted a claims report that summarizes witness statements to demonstrate that Mr. Stambaugh was under the supervision of a Woodmaster employee at the time of the accident. That evidence is insufficient to permit a ruling as to Woodmaster's liability to the Stambaughs as a matter of law, a ruling plaintiff asks this court to make. Because the issue of Woodmaster's possible liability to the Stambaughs is fact-bound and not properly framed in the present motions, I reject plaintiff's request for a ruling on the merits of liability at this time.

CONCLUSION

The parties' motions for summary judgment are granted and denied as follows:

1.      Defendants' motion (# 21) is granted with respect to duty to defend and denied in all other respects.

2.      Plaintiff's motion (# 26) is granted with respect to coverage under defendant American States' policy, denied as to duty to defend, and deferred as to duty to indemnify.

The discovery cut-off date is extended to April 23, 2010.

DATED this 22nd day of February, 2010.

 /s/ Robert E. Jones                                      
ROBERT E. JONES
U.S. District Judge